

FILED
in the Middle District of
North Carolina

**05/22/2026
11:41**

Clerk, US District Court
By: _____ SSC _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRUCE CAMPBELL,                    )
                                   )
     Plaintiff,                 )
                                   )
     v.                         )     1:25-cv-1087
                                   )
ADUSA DISTRIBUTION d/b/a FOOD      )
LION,                              )
                                   )
     Defendant.                 )

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant ADUSA Transportation, LLC's ("ADUSA")[1] motion

to dismiss the complaint of Plaintiff Bruce Campbell ("Campbell") pursuant to Federal

Rules of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure

to state a claim). Dkt. 10. Although Campbell claims—in response to the motion to

dismiss—that his Complaint "clearly raises federal questions under the Age

Discrimination in Employment Act (ADEA) and Title VII," Dkt. 12 at 3, the Complaint

fails to cite (or rely on) any federal law and solely raises state statutes. Further, Campbell

fails to establish that the amount in controversy exceeds $75,000 or that Campbell and

ADUSA are citizens of different states. Dkt. 1 ¶¶1, 4. The Complaint, therefore, does not

raise a federal question or present diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332(a)(1).

---

[1] The case caption identifies Defendant as ADUSA Distribution d/b/a Food Lion because
it was improperly named in the complaint. *See* Dkt. 11 at 1 n.1.

Because this Court lacks subject matter jurisdiction, it will **GRANT** ADUSA's motion and **DISMISS** the case **WITHOUT PREJUDICE.**

This Court cannot hear this case because, as it is currently pled, the Court lacks subject matter jurisdiction. Subject matter jurisdiction "defines the court's authority to hear a given type of case," *United States v. Moran*, 70 F.4th 797, 802 (4th Cir. 2023) (quoting *United States v. Morton*, 467 U.S. 822, 828 (1984)). A party seeking to bring a case in federal court must demonstrate the court's jurisdiction over it, *see Mayor & City Council of Balt. v. BP P.L.C.*, 31 F.4th 178, 197 (4th Cir. 2022), and courts "have an independent obligation to determine whether subject-matter jurisdiction exists," *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). A federal court has subject matter jurisdiction over a civil action only if it raises a question of federal law, 28 U.S.C. § 1331, or it is between citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a)(1).

Here, no federal question exists on the face of the Complaint. *See generally* Dkt. 1. In the Complaint, Campbell asserts that this federal Court has subject matter jurisdiction pursuant to two state court statutes—N.C. Gen. Stat. § 7A-240 and N.C. Gen. Stat. § 7A-243, *see* Dkt. 1 ¶ 3. It does not. "Overburdened trial judges cannot be expected to be mind readers . . . the plaintiff has an affirmative responsibility to put his best foot forward in an effort to present some legal theory that will support his claim." *Bigelow Corp. v. Hounds Town USA, LLC*, No. 3:23-cv-00134, 2023 WL 4939386, at *4 (W.D.N.C. Aug. 2, 2023).

2

Furthermore, Campbell's Complaint alleges four claims, three of which rely solely on state law. *See* Dkt. 1 ¶¶ 27-73. Claims I and III are for alleged age discrimination and wrongful discipline in violation of public policy, only asserting violations under a state law statute, N.C. Gen. Stat. § 143-422.2. *See id.* ¶¶ 27-35, 52-61. Similarly, Claim IV is a state law claim for intentional infliction of emotional distress. *See id.* ¶¶ 62-73.

Claim II of the Complaint is stylized as a hostile work environment claim, but Campbell does not clarify whether his allegations are being brought under state or federal law. *See id.* ¶¶ 36-51. In his response to ADUSA's motion to dismiss, Campbell claimed his hostile work environment claim is "cognizable under federal law." *See* Dkt. 12 at 3. However, in the same response, Campbell later attempted to rebut ADUSA's argument concerning his failure to exhaust administrative remedies under federal law by affirming that the hostile work environment claim was brought under *state law*, not federal law. *See id.* at 6 ("Plaintiff's hostile work environment claim is not brought under Title VII, but rather under North Carolina Law . . . Plaintiff's hostile work environment claim is based on the discriminatory treatment he experienced due to his age, which violates North Carolina's public policy against age discrimination. N.C. Gen. Stat. § 143-422.2.").[2] A

---

[2] To clarify, a claim alleging a hostile work environment based on the employee's age cannot be brought under Title VII. It may be brought under the ADEA. *See Baqir v. Principi*, 434 F.3d 733, 746 n.14 (4th Cir. 2006) (stating that the Fourth Circuit has "previously assumed, without deciding, that a hostile work environment claim is generally cognizable under the ADEA[.]"); *see also Kendrick v. Carter Bank & Tr., Inc.*, No. 24-1377, 2025 WL 879703, at *1, 6-7 (4th Cir. Mar. 21, 2025).

3

plaintiff is the "master to decide what law he will rely upon," *Merrell v. Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986) (internal quotations omitted), and "[he] may choose to exclude from his complaint reliance upon federal law or [an] EEOC charge . . . and this election is determinative to federal question jurisdiction." *Cox v. Conduent, Inc.*, No. 5:17-cv-433, 2018 WL 792048, at *4 (E.D.N.C. Feb. 8, 2018) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)) (citation modified). The Court will not assert jurisdiction over this case just because it is "cognizable" that a federal claim can be brought, Dkt. 12 at 3, when Campbell is explicitly affirming that all claims are brought under state law. *Id.* at 6. As such, none of the claims in the Complaint give rise to a federal question.

On the face of the Complaint, this case also lacks diversity jurisdiction. Courts may exercise diversity jurisdiction when (1) the amount in controversy is greater than $75,000, and (2) the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). Neither requirement is met here.

First, Campbell does not affirm anywhere in the Complaint that the amount in controversy is greater than $75,000. *See generally* Dkt. 1. "(T)he [amount in controversy] claimed by the plaintiff controls if the claim is apparently made in good faith." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 276 (1977) (citation modified). In this case, Campbell's only reference to the amount in controversy in the Complaint is the statement that "since the amount in controversy exceeds $25,000, the Superior Court is

4

the proper division for trial pursuant to N.C. Gen. Stat. § 7A-243." Dkt. 1 at 1.[3] Seemingly

realizing his mistake, Campbell later claims in his response to ADUSA's motion to

dismiss, without further explanation, that "the amount in controversy is satisfied"

because of his "annual salary of approximately $100,000,"[4] see Dkt. 12 at 3. ADUSA

argues that Campbell's salary has no bearing on the amount in controversy, and notes

that Campbell is still employed and earning wages from ADUSA. See Dkt. 13 at 2. The

Court agrees. Campbell seeks the following relief: (a) compensatory damages for

emotional distress; (b) an order requiring ADUSA to remove disciplinary actions from

his employment file; (c) an order requiring ADUSA to cease all alleged discriminatory

and targeting behavior and implement anti-discrimination policies and training; (d)

injunctive relief to prevent discriminatory treatment pursuant to N.C. Gen. Stat. § 1-485;

(e) reasonable attorneys' fees and costs pursuant to N.C. Gen. Stat. § 6-21.1; and (f) such

other relief as the Court deems just and proper. See Dkt. 1 at 7-8. The Court fails to see

any nexus between Campbell's yearly salary and the relief he seeks that would allow the

Court to conclude that the amount in controversy is greater than $75,000.

---

[3] The Court notes that Campbell appears to be referencing *state* court, not the federal United States District Court for the Middle District of North Carolina, which does not have divisions.

[4] Campbell states in the Complaint that his annual salary is approximately $100,000. Dkt. 1 ¶ 8.

Second, even if the amount in controversy was met, the Complaint fails to establish that the parties are citizens of different states. The Fourth Circuit has affirmed that a party who both "failed to plead diversity jurisdiction" and "also failed to plead facts from which the existence of such jurisdiction could properly be inferred" cannot proceed under 28 U.S.C. § 1332. *See Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998).

To the extent it can be determined based on the allegations in the Complaint, Campbell and ADUSA appear to be citizens of the same state. *See generally* Dkt. 1. For Campbell, the Complaint's sole mention of citizenship is that he "is a resident of Durham, North Carolina." *See id.* ¶ 1. However, "citizenship cannot be inferred from allegations of mere residence." *Truesdale v. TitleMax of Virginia, Inc.*, 1:22-cv-833, 2023 WL 2757030, at *1 (M.D.N.C. Jan. 30, 2023) (quoting *Axel Johnson*, 145 F.3d at 663). Instead, it is determined by a party's domicile. *See Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008) ("Domicile requires physical presence, coupled with an intent to make the State a home."). Campbell, therefore, has failed to "properly invoke the court's diversity jurisdiction." *Axel Johnson*, 145 F.3d at 663 (noting the plaintiff failed to invoke diversity jurisdiction when "the complaint alleged neither citizenship nor domicile, but only residence"). However, even if the Court were to assume that Campbell's residence alone made him a citizen of North Carolina, Campbell acknowledged that ADUSA's principal place of business is also in North Carolina, Dkt. 1 ¶ 4, making both parties citizens of the

6

same state. *See Central W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 102 (4th Cir. 2011) ("For federal diversity jurisdiction purposes, a corporation is a citizen of the states in which it has been incorporated *and in which it has its principal place of business.*" (emphasis added)). The Court therefore does not have diversity jurisdiction.

Having found neither federal question nor diversity jurisdiction, the Court concludes it lacks subject matter jurisdiction over this case. "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh,* 546 U.S. at 514.

The Court **GRANTS** ADUSA's motion and the case is **DIMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND.** Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend a pleading] when justice so requires."). Based on the citations to and reliance solely on state statutes and the reference to state Superior Courts, *see* Dkt. 1 at 1, 3, it appears to the Court that Campbell intended to bring this case in state court. However, if Campbell intends to refile in federal court,[5] and should Campbell

---

[5] The Court, at this juncture, believes dismissal without prejudice is warranted because although there are deficiencies in the subject matter jurisdiction pleading it is at least possible that they could be rectified in an amended complaint. For instance, although ADUSA claims that Campbell failed to properly exhaust his administrative remedies prior to filing this case, *see* Dkt. 11 at 12, that does not appear to be the case. A plaintiff is required to file a charge of discrimination with the EEOC before they may file a suit under the ADEA. *See Jones v. Calvert Grp., Ltd.,* 551 F.3d 297, 300 (4th Cir. 2009). Campbell has done so and attached the right-to-sue letter. Dkt. 1-2; *see also Goines v. Valley Cmty. Servs. Bd.,* 822 F.3d 159, 165-66 (4th Cir. 2016) (a court deciding on a motion to dismiss should

choose to file an amended complaint, he must do so within 21 days of this order. If no

amended complaint is filed within that time, the case will be closed, and a final judgment

will be entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

This the 22nd day of May, 2026.

LINDSEY A. FREEMAN
UNITED STATES DISTRICT JUDGE

---

consider the allegations of the complaint itself and the documents that are attached to the
complaint as exhibits).

8